UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAD E. MATHIS, | ) |
|          Plaintiff, | ) |
| v. | ) No. 1:18-cv-01893-JRS-DLP |
| METROPOLITAN LIFE INSURANCE CO., SOURCE BROKERAGE, INC., LEE D. MOORE, | ) |
|          Defendants. | ) |

**Entry on Motion to Dismiss, Motion to Strike, and
Motion for Entry of Final Judgment**

Chad E. Mathis, M.D., an orthopedic surgeon, was insured under Disability Policy No. 6490290 (the "MetLife Policy" or "Policy") issued by Metropolitan Life Insurance Co. a/k/a/ MetLife ("MetLife"). Mathis alleges he became disabled in March 2017 and submitted a claim for disability insurance benefits. Following a 90-day elimination period, MetLife paid Mathis benefits until August 2017, when MetLife stopped paying benefits. Mathis alleges he has remained continuously disabled since March 2017. He sued MetLife for breach of contract and sued MetLife as well as Source Brokerage, Inc. ("Source Brokerage"), an Indiana insurance broker, and Lee D. Moore, a licensed insurance broker and agent, for negligence in procuring the MetLife Policy.

This Court's Entry on Pending Motions (ECF No. 68) determined that Mathis failed to state a negligence claim under Alabama law against any defendant and

concluded that the claims should be dismissed with prejudice based on Mathis's contributory negligence and the expiration of the limitations period. The Court also concluded that Mathis had failed to state a breach of contract claim under Alabama law against MetLife, but allowed him to replead such a claim.

Thereafter, Mathis filed his Second Amended Complaint for Damages, which inadvertently reasserted his previously dismissed negligence claims, and Plaintiff's Motion for Entry of Final Judgment as to Plaintiff's Negligence Claims Only. The Second Amended Complaint, in addition to the repleaded contract claim, contained a Count II sounding in negligence. Mathis subsequently moved to withdraw the inadvertently reasserted negligence claims, and that motion was granted. (ECF No. 87.) Thus, the only claim remaining in this case is the breach of contract claim asserted against MetLife.

MetLife has filed a Motion to Dismiss Plaintiff's Second Amended Complaint and Mathis filed a Motion to Strike Defendant MetLife's Reply. More recently, the parties have filed cross-motions for summary judgment. Consideration of the cross-motions is deferred until the completion of their briefing. This Entry addresses the motion to dismiss, the motion to strike, and the motion for entry of final judgment.

**Motion to Strike MetLife's Reply**

The Motion to Strike MetLife's Reply argues that MetLife's reply should be struck because MetLife withheld available arguments from its opening brief and then raised them in its reply brief. Whether the Court strikes MetLife's Reply on the motion to dismiss, or considers MetLife's Reply and also considers Mathis's Conditional

2

Surreply, the ultimate issue is the same: whether the Second Amended Complaint has stated a breach of contract claim under Alabama law against MetLife.

Generally, "a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). However, a court may also consider "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). A court may also consider "[m]aterials or elaborations" in a party's brief opposing dismissal "so long as those materials or elaborations are 'consistent with the pleadings.'" *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745, n.1 (7th Cir. 2012)).

MetLife's reply argues, for the first time, that the allegation in the Second Amended Complaint that Mathis "performed all conditions of the Policy and its riders," (Sec. Am. Compl. ¶ 40; *see also* Pl.'s Resp. 3), contradicts the assertion made in Plaintiff's Reply on Rule 54(b) Motion for Entry of Final Judgment that he is entitled to damages for breach of contract through "the date of verdict." (MetLife's Reply Support Mot. Dismiss 2, ECF No. 88; Pl.'s Reply Rule 54(b) Motion 7, ECF No. 80). MetLife could not have made this argument in its opening brief on its Motion to Dismiss, which was filed on April 29, 2019, because Mathis's Reply on Rule 54(b) Motion had not been filed yet and was not filed until May 6, 2019.

3

More important, in arguing that the allegation in the Second Amended Complaint is "not legally plausible," (MetLife's Reply Support Mot. Dismiss 2, ECF 88), MetLife points to an alleged contradiction not in Mathis's *pleading* but between his pleading and a brief. The authority on which MetLife relies, namely *Liberty Mutual Ins. Co. v. Lewis*, No. 1:18-cv-01464-JRS-DLP, 2018 WL 6181394, at *1 (S.D. Ind. Nov. 26, 2018), is not only nonbinding, but allows review of a motion to dismiss for the court's consideration of internal contradictions in the plaintiff's pleading, not on contradictions between the pleading and a brief. Having considered MetLife's Reply in Support of Motion to Dismiss, the Court finds that it makes no difference to the outcome of the motion to dismiss. Therefore, the Court declines to strike that reply and grants Mathis's motion in the alternative, giving him leave to file his Conditional Surreply.

**Motion to Dismiss Second Amended Complaint**

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion to dismiss, the court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"A complaint must support the elements of a cause of action to survive dismissal." *Gulf Coast Mineral, LLC v. Tryall Omega, Inc.*, 2:14-CV-1264-WKW [WO], 2016 WL 344960, at *4 (M.D. Ala. Jan. 27, 2016). Under Alabama law, which applies here, the

elements of a breach of contract are: "(1) the existence of a valid contract binding the parties in the action, (2) [the plaintiff's] own performance under the contract, (3) the defendant's non-performance, and (4) damages." *City of Gadsden v. Harbin,* 148 So. 3d 690, 696 (Ala. 2013) (quoting *Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001) (internal quotation marks omitted)). Thus, to state a breach of contract claim under Alabama law, a complaint must allege the plaintiff's own performance under the contract.

MetLife argues that the Second Amended Complaint fails to correct the deficiency found by the Court in its Entry dismissing the breach of contract claim in the Amended Complaint. More pointedly, MetLife argues that the Second Amended Complaint fails to allege Mathis's own performance, including submission of proof of loss for each monthly period. (MetLife's Mot. Dismiss Sec. Am. Compl. 2, ECF 76.) MetLife posits that Mathis did not allege he provided monthly proof of loss because he cannot make such an allegation without violating Rule 11. (*Id.* 4 (citing MetLife's Claim Decision Letter (ECF No. 18-1), which was not attached to Second Amended Complaint.)[1] However, the Second Amended Complaint does allege Mathis's own performance:

> Mathis performed all conditions of the Policy and its riders, including but not limited to, paying premiums, providing timely notice of his claim, completing and sending claims' forms, providing signed authorizations, providing information (regarding his illness/injury, occupation information, financial information) requested by MetLife and cooperating with MetLife.

---

[1] Consideration of matters outside the pleadings is appropriate on summary judgment. The Court will address the parties' arguments for and against summary judgment, and the factual bases therefore, in due course.

5

(Sec. Am. Compl. ¶ 40, ECF No. 70.) Federal pleading standards, which apply in diversity cases, provide conditions precedent may be alleged generally. Fed. R. Civ. P. 9(c). The Second Amended Complaint alleges, though generally, that Mathis performed all conditions of the Policy and its riders. That is sufficient for the pleading stage. MetLife's Motion to Dismiss is therefore **denied**.

### Motion for Entry of Final Judgment

Mathis seeks entry of final judgment as to his negligence claims only. The negligence claims were made against not only MetLife, but also against two other defendants, Source Brokerage, Inc. and Lee D. Moore. No other claims remain against these defendants.

Rule 54 of the Federal Rules of Civil Procedure allows for "entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) may "be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Cos.*, 408 F.3d 935, 938–39 (7th Cir. 2005). "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." *Id.* at 939.

In arguing that the negligence claims are distinct from the breach of contract claim, MetLife asserts that the latter claim is "for the recovery of contractual benefits Dr. Mathis is owed under the existing MetLife Policy," whereas the former "seek

damages for the difference between the existing MetLife Policy and the benefits to which Dr. Mathis would have been entitled under an occupational disability policy. . . ." (Pl.'s Mot. Entry Final Judgment 2, ECF No. 69.)  Mathis also argues that the two claims involve distinct facts and the Court's choice-of-law analysis for tort claims under Indiana law is "the sole legal issue underlying" the rulings on the negligence claims. (*Id.* 2–3.)

While Mathis is right about the last point, there is significant factual overlap between the negligence claims and the breach of contract claim.  Both the negligence claims and breach of contract claim incorporate the facts alleged in paragraphs 1 through 28 of the Second Amended Complaint.  Both are premised on the fact that Mathis is disabled and entitled to disability insurance benefits.  And although the negligence claims and breach of contract claim may apply different definitions of "disability," any finding of disability under either definition will be based on substantially the same medical records and findings as to Mathis's impairments and functional abilities.

In addition, there is overlap with respect to damages.  The negligence claims seek "the loss of benefits [Mathis] would have received if he had been insured by an occupational disability policy." (Sec. Am. Compl. ¶ 34, ECF No. 70.)  Mathis's Motion for Entry of Judgment explains that "the negligence claims seek damages for the difference between the existing MetLife Policy and the benefits to which Dr. Mathis would have been entitled under an occupational disability policy[.]" (Pl.'s Mot. Entry Final J. ¶ 4, ECF No. 69.)  No finding can be made as to the difference between the MetLife

Policy and the hypothetical occupational disability policy unless findings are first made that Mathis is entitled to any benefits under the MetLife Policy, and such benefits are also determined.

The negligence claims have more than minimal factual overlap with the breach of contract claim. Therefore, the claims are not considered "separate" for purposes of entering a final judgment under Rule 54(b). *See Lottie*, 408 F.3d at 939. As a result, Plaintiff's Motion for Entry of Final Judgment should be denied. Besides, piecemeal appeals are to be avoided. *See, e.g.*, *West v. Louisville Gas & Elec. Co.*, 920 F.3d 499, 503 (7th Cir. 2019) ("permitting multiple, piecemeal appeals from a single action in the district court will have a debilitating effect on the efficient administration of justice."). And Mathis has not shown that there is no just reason for delay.

## Conclusion

Mathis's Motion to Strike Defendant MetLife's Reply and Alternative Motion for Leave to File Conditional Surreally (ECF No. 89) is **granted** in the alternative such that Mathis is granted leave to file his Conditional Surreply (ECF No. 89-1). The Court has considered the Conditional Surreply attached to Mathis's Motion to Strike.

MetLife's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 75) is **denied**. Plaintiff's Motion for Entry of Final Judgment as to Plaintiff's Negligence Claims Only (ECF No. 69) is **denied**.

**SO ORDERED**.

Date: 2/4/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

8

Distribution:

Joseph W. Borchelt
REMINGER CO. LPA (Cincinnati)
jborchelt@reminger.com

Connie M. Fickel
LEWIS BRISBOIS BISGAARD & SMITH LLP
Connie.Fickel@lewisbrisbois.com

Kari H. Halbrook
LEWIS BRISBOIS BISGAARD & SMITH LLP
kari.halbrook@lewisbrisbois.com

Jacqueline J. Herring
SMITH von SCHLEICHER & ASSOCIATES
jackie.herring@svs-law.com

W. William Hodes
THE WILLIAM HODES LAW FIRM
wwh@hodeslaw.com

Benjamin Charles Hoffman
LEWIS BRISBOIS BISGAARD & SMITH LLP
ben.hoffman@lewisbrisbois.com

Anthony L. Holton
REMINGER CO. LPA (Indianapolis)
aholton@reminger.com

Robert E. Saint
EMSWILLER WILLIAMS NOLAND & CLARKE
rsaint@ewnc-law.com